UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LORENZO DIAZ-GARCIA

       Plaintiff,

v.

F/V SUSAN MARIE, INC.,

       Defendant.

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Now comes the Plaintiff Lorenzo Diaz-Garcia in the above-captioned matter and for his Complaint states:

### PARTIES

1. Plaintiff Lorenzo Diaz-Garcia (hereinafter referred to as "Plaintiff") is an individual who resides at 35834 South Canal Road, Unit 48, San Benito, Cameron County, Texas.

2. Upon information and belief, Defendant F/V Susan Marie, Inc. (hereinafter referred to as "Defendant") is a domestic corporation with a principal place of business located at 4408 Park Boulevard, Wildwood, Cape May County, New Jersey, and at all times hereafter referred to, owned, operated and/or controlled F/V SUSAN MARIE II ("Vessel"), which did and continues to do business in the Commonwealth of Massachusetts.

## JURISDICTION

3. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly known as the Jones Act, 46 U.S.C. §30104.

4. This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1333.

5. This Court has personal jurisdiction over Defendant F/V Susan Marie, Inc. because Defendant has at all relevant times purposefully availed itself of the benefits, profits, and privileges deriving from its business activities in the Commonwealth of Massachusetts and Plaintiff's injuries alleged herein arise from Defendant's business activities within the Commonwealth of Massachusetts.

## VENUE

6. Venue is proper pursuant to 28 U.S.C. §1391 where the Defendant F/V Susan Marie, Inc. is subject to the Court's personal jurisdiction.

## STATEMENT OF FACTS

7. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

8. At all times relevant hereto, Plaintiff was employed as a deckhand on the F/V SUSAN MARIE II.

9. On or about July 17, 2017, while the F/V SUSAN MARIE II was in navigable waters and while Plaintiff was in the exercise of due care and in the performance of his duties as a seaman, Plaintiff sustained a severe and painful traumatic injury.

10. Specifically, the F/V SUSAN MARIE II's deck was uneven, such that while standing one foot was more elevated or depressed than the other.

11. In an attempt to make the surface even, Plaintiff and crew members were ordered to place wooden planks on the deck. The wooden planks were not affixed to the deck, were uneven, and extremely unstable due to the nature of being at sea.

12. Plaintiff was required to spend hours working on the uneven, unstable, and unsecured wooden planks.

13. Plaintiff developed back, knee and neck injuries that worsened over time and by the end of the trip Plaintiff was in debilitating, severe pain, and had difficulty performing regular activities.

14. The tasks Plaintiff was required to perform on the F/V SUSAN MARIE II were extremely dangerous due to the dangerous working conditions, unseaworthy condition of the Vessel, and dangerously unsafe and unseaworthy makeshift floor.

15. On or about July 17, 2017, and times prior thereto, Plaintiff was negligently and unsafely ordered by Defendant to perform work which was beyond his physical and medical capacity to perform in that Plaintiff was negligently ordered to stand for hours on the dangerously unsafe and unseaworthy makeshift floor while cutting scallops, repetitively lift, move and/or otherwise manipulate awkward, heavy pieces of equipment, tools, devices, harvested seafood, and product with insufficient manpower, without mechanical assistance, and without training related to back injury prevention or safe lifting practices, and was further required to do so while bending, stooping, kneeling, reaching, and otherwise placing his body in awkward, compromising and ergonomically unsafe positions and postures.

16. On or about July 17, 2017, and times prior thereto, in the course of his duties as a deckhand, Defendant required Plaintiff lift awkward, heavy equipment by reaching down below his knees, place his body in an awkward, twisted position, grab the equipment, lift it up and shuffle across the deck while holding the dangerously heavy equipment in an awkward, improper posture that put excessive force on the lower back and neck.

17. As a result of being exposed to these dangerous conditions, Plaintiff sustained repetitive trauma and was negligently exposed to musculoskeletal stressors that have in whole or in part caused and/or contributed to cause him to suffer serious and debilitating musculoskeletal injuries, disorders and illnesses, low back and neck injuries, and/or the exacerbation, acceleration, and aggravation of degenerative conditions, including, but not limited to, degenerative joint disease of the spine; disc bulging at L4-L5; disc protrusion/subligamentous disc herniation at C5-C6; and undergoing a C5-C6 Anterior Cervical Discectomy and Fusion surgery.

18. As a result of his injuries, suffered as a direct result of his exposure to the risk factors for the development of lower back and neck dysfunction, Plaintiff is physically unfit for employment at his previous occupation as a commercial fisherman and has sustained substantial damage as a result thereof.

19. As a direct result of his musculoskeletal injuries, Plaintiff suffered mental and emotional injuries. These mental and emotional injuries were suffered as a direct results of Defendant's negligence as set forth more fully below.

20. Plaintiff was not aware, until after the July 17, 2017 trip, that he had been injured, or that his conditions were related, in whole or in part, due to the working conditions to which he had been exposed prior thereto.

21. Plaintiff entered into a tolling agreement dated June 17, 2020 with Defendant, Defendant's insurer, Walters Nixon Group, and its agents, servants, and/or employees to toll the statute of limitations until August 31, 2020. A copy of the tolling agreement is attached hereto as Exhibit A.

22. Plaintiff and Defendant, Defendant's insurer, Walters Nixon Group, and its agents, servants, and/or employees signed an addendum to the tolling agreement dated August 26, 2020 to toll the statute of limitations from August 31,2020 to November 30, 2020. A copy of the addendum is attached hereto as Exhibit B.

## COUNT I: JONES ACT NEGLIGENCE
### (LORENZO DIAZ-GARCIA v. F/V SUSAN MARIE, INC.)

23. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

24. F/V Susan Marie, Inc. owed a duty to Plaintiff to, among other things, provide a reasonably safe place to work.

25. F/V Susan Marie, Inc. breached this to duty to Plaintiff, which in turn caused him to suffer injuries.

26. More specifically, personal injuries sustained by Plaintiff were not caused by any fault on his part but were caused by the negligence of F/V Susan Marie, Inc. and its agents, servants and/or employees as follows:

(a) Failing to provide Plaintiff with a reasonably safe place in which to work;

(b) Failing to provide a safe and properly constructed deck;

(c) Failing to provide appropriate equipment with which to work;

(d) Failing to provide adequate supervision, tools, and manpower;

(e) In assigning Plaintiff work which it knew, or should have known, would place him at risk of developing back and neck dysfunction;

(f) Failure and negligence of fellow employees;

(g) Failing to use due care to provide and maintain a seaworthy vessel with safe and proper appliances;

(h) Failing to use due care to make reasonable and periodic inspections of said vessel, its equipment and appliances;

(i) Requiring Plaintiff work in an ergonomically dangerous workplace;

(j) Failing to provide the training, safe lifting techniques and practices, and adequate manpower and mechanical assistance;

(k) Requiring Plaintiff to repeatedly lift, move, and/or otherwise manipulate heavy tools, equipment, devices, harvested seafood, and product while employing dangerous techniques and practices and by requiring him to do so while reaching, twisting, bending, stopping, kneeling, and/or otherwise placing his body in awkward and ergonomically dangerous postures; and

(l) Failure and negligence in other respects that will be shown at the trial.

27. As a result of the negligence of Defendant F/V Susan Marie, Inc., Plaintiff was caused to sustain severe and permanent back and neck injuries, including, but not limited to, degenerative joint disease of the spine; disc bulging at L4-L5; disc protrusion/subligamentous disc herniation at C5-C6; back surgery; and ongoing back and neck pain and limitations therefrom.

28. As a result of said injuries, Plaintiff has suffered pain of body and anguish of his mind, incurred medical expenses and likely to incur future medical expenses, and has sustained and will continue to sustain other damages that will be shown at trial.

29. As a further result of said injuries, Plaintiff has lost a considerable amount in wages from his employment and Plaintiff's power and capacity to work and earn money in the future have been permanently disabled.

30. Plaintiff claims damages in the amount to be shown by evidence at trial for his injuries; for his mental and physical pain and suffering, past, present, and future; past loss of earnings; loss of earning capacity; and for his expenses of medical treatment.

31. This cause of action is brought under the Merchant Marine Act of 1920, commonly known as the Jones Act, 46 U.S.C. §30104.

**WHEREFORE**, Plaintiff demands judgment against Defendant F/V Susan Marie, Inc. for all recoverable compensatory damages to fully and fairly compensate him for his injuries and damages, in addition to court costs, pre and post-judgment interest, attorney's fees, and such other relief as the Court deems just.

## COUNT II: GENERAL MARITIME LAW – UNSEAWORTHINESS
### (LORENZO DIAZ-GARCIA v. F/V SUSAN MARIE, INC.)

32. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

33. F/V Susan Marie, Inc. owed a duty to Plaintiff to, among other things, provide a reasonably safe place to work.

34. F/V Susan Marie, Inc. breached this to duty to Plaintiff, which in turn caused him to suffer injuries.

35. More specifically, personal injuries sustained by Plaintiff were due to no fault of his, but were caused by the unseaworthiness of the F/V SUSAN MARIE II.

36. As a result of said injuries, Plaintiff sustained severe and permanent back and neck injuries, including, but not limited to, degenerative joint disease of the spine; disc bulging at L4-L5; disc protrusion/subligamentous disc herniation at C5-C6; back surgery; and ongoing back and neck pain and limitations therefrom.

37. As a result of said injuries, Plaintiff has suffered pain of body and anguish of his mind, incurred medical expenses and likely to incur future medical expenses, and has sustained and will continue to sustain other damages that will be shown at trial.

38. As a further result of said injuries, Plaintiff has lost a considerable amount in wages from his employment and Plaintiff's power and capacity to work and earn money in the future have been permanently disabled.

39. Plaintiff claims damages in the amount to be shown by evidence at trial for his injuries; for his mental and physical pain and suffering, past, present, and future; past loss of earnings; loss of earning capacity; and for his expenses of medical treatment.

40. The cause of action is brought under the General Maritime Law for Unseaworthiness.

**WHEREFORE**, Plaintiff demands judgment against Defendant F/V Susan Marie, Inc. for all recoverable compensatory damages to fully and fairly compensate him for his

injuries and damages, in addition to court costs, pre and post-judgment interest, attorney's fees, and such other relief as the Court deems just.

### COUNT III: GENERAL MARITIME LAW – MAINTENANCE AND CURE
### (LORENZO DIAZ-GARCIA v. F/V SUSAN MARIE, INC.)

41. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

42. As a result of the personal injuries described above, Plaintiff has incurred and will continue to incur expenses for his maintenance and cure.

**WHEREFORE**, Plaintiff demands judgment against the Defendant F/V Susan Marie, Inc., in an amount sufficient to fully and fairly compensate him for maintenance and cure, including but not limited to punitive and compensatory damages, costs, interests and attorney's fees.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
Plaintiff, Lorenzo Diaz-Garcia
By his attorneys,


/s/ Revital B. Braun
Michael B. Flynn, Esq. BBO No. 559023
mflynn@flynnwirkus.com
Revital B. Braun, Esq. BBO No. 687475
rbraun@flynnwirkus.com
FLYNN|WIRKUS|YOUNG, P.C.
400 Crown Colony Drive, Suite 601
Quincy, MA 02169
P: (617) 773-5500
F: (617) 773-5510

Date: October 6, 2020